UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X   Case No.
JOHN PARDOVANI,

                        Plaintiff,                  **COMPLAINT**

- against -

                                       **PLAINTIFF DEMANDS**
                                       **A TRIAL BY JURY**

CROWN BUILDING MAINTENANCE CO. D/B/A ABLE
BUILDING MAINTENANCE, JAZZ AT LINCOLN
CENTER, INC., KEN LUCIANO, *Individually,* RICHARD
CRUZ, *Individually,* and JOE MIELE, *Individually,*

                        Defendants.
-------------------------------------------------------------X

        Plaintiff, JOHN PARDOVANI, by his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff JOHN PARDOVANI complains pursuant to 42 U.S.C. § 1981 and the New York City Human Rights Law, New York City Administrative Code § 8-107 *et seq.* ("NYCHRL"), seeking to redress the injuries he has suffered as a result of being subjected to discrimination based on his race (black) and retaliation for complaining about said discrimination.

## JURISDICTION

2. The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343. The Court has supplemental jurisdiction over Plaintiff's NYCHRL claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this District as a substantial part of the events giving rise to this action occurred within the Southern District of New York.

## PARTIES

4. Plaintiff JOHN PARDOVANI (hereinafter "PARDOVANI") is a resident of the State of New York, County of Queens. Plaintiff is a black male.

5. Defendant CROWN BUILDING MAINTENANCE CO. D/B/A ABLE BUILDING MAINTENANCE (hereinafter "CROWN BUILDING") is a corporation, established under the laws of the State of California, with its principal office located at 868 Folsom Street, San Francisco, CA 94107.

6. Defendant JAZZ AT LINCOLN CENTER, INC. (hereinafter "LINCOLN CENTER") is a domestic not-for-profit corporation, with its principle place of business located at 3 Columbus Circle, 12th Floor, New York, NY 10019.

7. Defendant CROWN BUILDING assigned Plaintiff PARDOVANI to work for Defendant LINCOLN CENTER at 33 West 60th Street, 5th Floor, New York, NY 1001, wherein the majority of the discriminatory conduct against Plaintiff took place.

8. Upon information and belief, at all times relevant hereto, Defendants CROWN BUILDING and LINCOLN CENTER were joint employers of Plaintiff PARDOVANI. The Defendants were empowered to hire, discipline, supervise, and/or terminate Plaintiff, as well as to set the terms and conditions of his employment and to promulgate work rules and assignments governing Plaintiff's employment.

9. Defendant KEN LUCIANO (hereinafter "LUCIANO") is an employee of Defendant LINCOLN CENTER, holding the position of "Director of Facilities."

10. At all times material, Defendant LUCIANO was Plaintiff's supervisor and/or exercised supervisory authority over Plaintiff. Defendant LUCIANO had the authority to hire,

terminate, and/or affect the terms and conditions of Plaintiff's employment.

11. Defendant RICHARD CRUZ (hereinafter "CRUZ") is an employee of Defendant LINCOLN CENTER, holding the position of "Operations Manager."

12. At all times material, Defendant CRUZ was Plaintiff's supervisor and/or exercised supervisory authority over Plaintiff. Defendant CRUZ had the authority to hire, terminate, and/or affect the terms and conditions of Plaintiff's employment.

13. Defendant JOE MIELE (hereinafter "MIELE") is an employee of Defendant CROWN BUILDING, holding the position of "Manager."

14. At all times material, Defendant MIELE was Plaintiff's supervisor and/or exercised supervisory authority over Plaintiff. Defendant MIELE had the authority to hire, terminate, and/or affect the terms and conditions of Plaintiff's employment.

15. Defendants CROWN BUILDING, LINCOLN CENTER, LUCIANO, CRUZ and MIELE are jointly referred to herein as the "Defendants."

## MATERIAL FACTS

16. In or around August of 2011, Plaintiff PARDOVANI commenced his employment with Defendant CROWN BUILDING as a "Porter/Janitor." Plaintiff's yearly salary is approximately $48,000.

17. In or around October of 2004, Plaintiff began working at the site of the Lincoln Center (for a previous employer). Plaintiff has remained at this site throughout his employment with Defendant CROWN BUILDING.

18. During his employment with the Defendants, Plaintiff PARDOVANI has been subjected to severe and pervasive discriminatory conduct by his Hispanic supervisors, Defendants LUCIANO, CRUZ and MIELE, and his Hispanic co-worker, Kimo Luciano, solely on

the basis of Plaintiff's race (black).

19. Plaintiff PARDOVANI has been called a "nigger" numerous times by the Defendants.

20. For example, on or about November 13, 2014, Plaintiff PARDOVANI spoke to Defendant CRUZ regarding the fact that he worked tirelessly the whole day, while two of his co-workers, Felix Casado and Kimo Luciano, sat down for the majority of their shifts. Angered by Plaintiff PARDOVANI voicing his concerns, Defendant CRUZ began criticizing Plaintiff. Subsequently, Plaintiff was called into the master control office by Defendant LUCIANO, who discredited everything that Plaintiff told him regarding Defendant CRUZ. During their conversation, Defendant LUCIANO referred to Plaintiff as a "nigga" several times. Plaintiff PARDOVANI felt extremely offended and humiliated by the racial slur.

21. Plaintiff PARDOVANI complained about Defendant LUCIANO's discriminatory conduct to Defendant MIELE. However, Defendant MIELE did not take any steps to remedy the situation.

22. Plaintiff PARDOVANI sent electronic correspondence to Gail Winiecki, Defendant LINCOLN CENTER's, Vice President of Human Resources and Office Administration, on or about November 21, 2014, asking to meet with her to voice his complaints of race discrimination against the Defendants. When Plaintiff PARDOVANI met with Ms. Winiecki that day, he informed her, *inter alia*, that Defendant CRUZ had subjected Plaintiff to discrimination, solely on the basis of his race, by telling Plaintiff that he did not belong in the subject work place and that he needed to "learn Spanish." Defendant CRUZ also threatened Plaintiff's job by telling him that Defendant CRUZ's brother needed a job and he would "fit better" with Defendant CROWN BUILDING than

4

Plaintiff because he speaks Spanish.

23. Ms. Winiecki promised Plaintiff that the Defendants would conduct an investigation regarding Plaintiff's complaints of racial discrimination. However, Defendants failed to remedy the hostile work environment to which Plaintiff PARDOVANI was subjected on a regular basis, as the discrimination continued.

24. Between November, 2014 and March, 2015, Defendants LUCIANO and CRUZ and Kimo Luciano continuously called Plaintiff "nigga" and "bitch ass nigga."

25. On or about March 5, 2015, Defendant MIELE criticized Plaintiff's job performance, accusing him of not working fast enough. Plaintiff suggested to Defendant MIELE that his co-workers took extensive breaks, which affected productivity. Subsequently, Kimo Luciano reproached Plaintiff for speaking to Defendant MIELE about himself and Plaintiff's co-workers, calling Plaintiff a "bitch ass nigga."

26. Plaintiff PARDOVANI again complained to Defendant MIELE regarding Defendants LUCIANO, CRUZ and Kimo Luciano's discriminatory conduct. However, Defendant MIELE acquiesced to their unlawful conduct by telling Plaintiff that it was "ok" for them to make the derogatory remarks towards Plaintiff because "that's the way they talk," adding that Plaintiff should just ignore the discriminatory comments.

27. A few days later, on or about March 8, 2015, Defendant MIELE instructed Plaintiff to report to the master control room to discuss Plaintiff's complaints regarding Defendant CRUZ. Defendant MIELE told Plaintiff that he should listen to Defendant CRUZ and "do everything he says." After being berated by Defendant MIELE for a while, Plaintiff fainted due to the hostile work environment.

28. By way of further example, on or about April 30, 2015, Kimo Luciano attempted to start an argument with Plaintiff PARDOVANI regarding a glass cleaner. Later that day, in anger, Mr. Luciano exclaimed to Plaintiff, "niggas ain't shit!"

29. Plaintiff PARDOVANI complained to Defendant CROWN BUILDING regarding the hostile work environment to which he was subjected.

30. On May 6, 2015, Plaintiff mailed his complaints of race discrimination and harassment to Defendant LINCOLN CENTER'S Nancy Gallagher, Vice President, Sales & Special Projects and Doug Hosney, Chief Officer at F.P. Rose Hall.

31. In addition to being subjected to a hostile work environment, solely on the basis of his race, Plaintiff PARDOVANI was subjected to retaliation for his complaints of race discrimination.

32. For example, on or about May 9, 2015, during a very busy event, Defendant CRUZ purposely scheduled Plaintiff PARDOVANI to work alone in loading two large trucks with equipment following the event.

33. Furthermore, on or about May 14, 2015, Defendant MIELE issued Plaintiff three write-ups in one day, in retaliation for complaining to the Human Resources Department of Defendant LINCOLN CENTER regarding discrimination. According to Plaintiff's co-worker, Plaintiff was "causing problems" for Defendants LUCIANO and CRUZ.

34. The retaliation for Plaintiff PARDOVANI's complaints of discrimination climaxed on or about July 6, 2015, when Defendant MIELE terminated Plaintiff's employment. Upon filing a grievance with his union, Plaintiff PARDOVANI was able to return to work.

35. Despite the retaliatory acts he faced, Plaintiff PARDOVANI remained undeterred in his fight for equal treatment.

36. On or about July 20, 2015, Plaintiff filed a complaint of discrimination against Defendant MIELE with Defendant CROWN BUILDING. The same day, Defendant MIELE threatened Plaintiff for his complaint of discrimination against him, exclaiming, "You bitch ass nigger, I'm tired of you putting in complaints. Keep it up, and I'll put you in another site!"

37. Furthermore, Defendant MIELE continuously targeted Plaintiff by unduly criticizing his work and unfairly writing him up. Defendant MIELE's discriminatory treatment of Plaintiff took such an emotional and physical toll on Plaintiff that he fainted twice at work. On or about July 13, 2015, Defendant MIELE issued Plaintiff a write-up and threatened to write him up a second time. Plaintiff was taken by ambulance to the hospital after he fainted.

38. Then, on or about August 20, 2015, Plaintiff was returning to work from his break. As Plaintiff PARDOVANI passed the master control office, Defendant LUCIANO from inside the office stared at Plaintiff with hostility stating, "I can't trust niggers."

39. Plaintiff felt offended and humiliated by the derogatory term to which he was subjected regularly by his supervisors.

40. Thus, on or about August 27, 2015, Plaintiff sent electronic mail to Shayla Alexander of LINCOLN CENTER's Human Resources, complaining of ongoing race discrimination. In response, Ms. Alexander instructed Plaintiff to direct his complaints to CROWN BUILDING.

41. Plaintiff then complained of race discrimination, on or about September 17, 2015, to Russell Hale, Human Resources Business Partner for Defendant CROWN BUILDING, after being suspended by CROWN BUILDING's Scott Donnigan, Senior Director of

Operations, pending an "investigation" into Plaintiff's complaints of race discrimination.

42. Upon information and belief, Plaintiff was suspended in retaliation for making complaints of race discrimination.

43. The foregoing constitute only some of the discriminatory acts to which Plaintiff PARDOVANI has been subjected based on his race and/or in retaliation for his complaints of race discrimination.

44. Plaintiff has been unlawfully discriminated against, humiliated, degraded, and victimized due to the above discriminatory conduct by Defendants.

45. Plaintiff has been subjected to continuous racial discrimination by Defendants during the course of his employment.

46. Plaintiff has been subjected to retaliation by Defendants because he engaged in a protected activity by opposing and objecting to their discriminatory conduct.

47. Defendants' actions and conduct were intentional and intended to harm Plaintiff PARDOVANI.

48. As a result of the acts and conduct complained of herein, Plaintiff PARDOVANI has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced emotional and physical distress.

49. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff PARDOVANI demands punitive damages as against all the Defendants, jointly and severally.

## FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER 42 U.S.C. § 1981

50. Plaintiff PARDOVANI repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

51. 42 U.S.C. § 1981 states in relevant part as follows:

    (a) Statement of equal rights

    All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

    (b) "Make and enforce contracts" defined
    For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

52. Defendants violated the above section as set forth herein.

## SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER 42 U.S.C. § 1981

53. Plaintiff PARDOVANI repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

54. By the acts and practices described above, Defendants retaliated against Plaintiff for his opposition to unlawful discrimination under 42 U.S.C. § 1981.

55. Defendants acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

56. As a result of Defendants' discriminatory acts, Plaintiff PARDOVANI has suffered and will continue to suffer irreparable injury, emotional distress, and other compensable damage unless and until this Court grants relief.

## THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

57. Plaintiff PARDOVANI repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

58. The Administrative Code of City of NY § 8-107(1) provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

59. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, § 8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of his race.

## FOURTH CAUSE OF ACTION FOR RETALIATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

60. Plaintiff PARDOVANI repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

61. The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

62. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(7) by discriminating against Plaintiff PARDOVANI because of Plaintiff's opposition to the unlawful employment practices of the Defendants.

## FIFTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (Against Individual Defendants)

63. Plaintiff PARDOVANI repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

64. The New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice, "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

65. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

### SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (Not Against Individual Defendants)

66. Plaintiff PARDOVANI repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

67. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or

11

agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

68. Defendants violated the above section as set forth herein.

### JURY DEMAND

Plaintiff PARDOVANI hereby requests a jury trial.

**WHEREFORE**, Plaintiff PARDOVANI respectfully requests a judgment against the Defendants, individually, jointly, and severally:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. Section 1981, and the New York City Administrative Code § 8-107, *et seq.*, and that Defendants discriminated against Plaintiff PARDOVANI because of his race and retaliated against him for complaining of such discrimination;

B. Awarding damages to Plaintiff PARDOVANI resulting from Defendants' unlawful employment practices and conduct, and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff PARDOVANI compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff PARDOVANI punitive damages;

E. Awarding Plaintiff PARDOVANI attorney's fees, costs, and expenses incurred in the prosecution of this action; and

F. Awarding Plaintiff PARDOVANI such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
       November 13, 2015

PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC

By: ___/s/_____

Joshua P. Frank, Esq.
Dorina Cela, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431
jfrank@tpglaws.com
dcela@tpglaws.com