UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X          Index No.: 15-cv-9065 (SHS)
JOHN PARDOVANI,

                    Plaintiff,

                -against-

CROWN BUILDING MAINTENANCE CO. D/B/A
ABLE BUILDING MAINTENANCE, JAZZ AT
LINCOLN CENTER, INC., RICHARD CRUZ,
individually, and JOE MIELE, individually,

                  Defendants.
------------------------------------------------------------------X


# PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AS THE PREVAILING PARTY FOR THE ABOVE CAPTIONED MATTER


**PHILLIPS & ASSOCIATES, P.L.L.C.**
Gregory W. Kirschenbaum, Esq.
45 Broadway, Suite 430
New York, NY 10006
(212) 248-7431

# TABLE OF CONTENTS

INTRODUCTION.............................................................................................................. 1

RELEVANT PROCEDURAL HISTORY............................................................................ 1

ARGUMENTS.................................................................................................................... 3

   I.    PLAINTIFF IS THE PREVAILING PARTY ................................................... 3

   II.   THE LEGAL STANDARD FOR AN AWARD OF ATTORNEYS' FEES.............. 4

      A.  Calculating The Lodestar ................................................................................ 4

      B.  Calculating A Reasonable Hourly Rate ........................................................... 4

      C.  Calculating The Number of Hours Reasonably Expended ................................ 5

      D.  Applying A Multiplier....................................................................................... 5

      E.  Determining The Reasonableness Of The Fee .................................................. 6

   III.  PLAINTIFF SEEKS AN AWARD OF REASONABLE ATTORNEYS' FEES
   AND OUT OF POCKET EXPENSES ................................................................. 6

      A.  Counsel's Reasonable Hourly Rate ................................................................. 6

      B.  The Number Of Hours Reasonably Expended On The Litigation ......................... 14

      C.  The Reasonableness of The Fee ...................................................................... 14

      D.  Reasonable out of pocket expenses ................................................................. 16

CONCLUSION ................................................................................................................ 17

# TABLES OF AUTHORITIES

**Cases**

*Abdell v. City of N.Y.*,
2015 U.S. Dist. LEXIS 25510 (March 2, 2015) .................................................................. 9, 10, 11

*Allende v. Unitech Design, Inc.*,
783 F. Supp. 2d 509 (S.D.N.Y. Mar. 15, 2011) ......................................................................... 4

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*,
493 F.3d 110 (2d Cir. 2007) ................................................................................................. 4, 6

*Barfield v. N.Y.C. Health & Hosps. Corp.*,
537 F.3d 132 (2d Cir. 2008) .................................................................................................... 6

*Blum v. Stenson*,
465 U.S. 886 (1984) ............................................................................................................ 4, 5

*Chambless v. Masters, Mates, & Pilots Pension Plan*,
885 F.2d 1053 (2d Cir. 1989) .................................................................................................. 5

*Cohen v. W. Haven Bd. Of Police Comm'rs*,
638 F.2d 496 (2d Cir. 1980) .................................................................................................... 5

*Crawford v. Nails on 7th by Jenny Inc., et al.*,
18-cv-09849 (S.D.N.Y. Jan. 18, 2019) ..................................................................................... 8

*Creighton v. Dominican College*,
2011 U.S. Dist. LEXIS 119374 (S.D.N.Y. Aug. 16, 2011) ......................................................... 8

*Echevarria v. Insight Med., P.C.*,
102 F. Supp. 511 (S.D.N.Y. 2015) .............................................................................. 8, 9, 10, 11

*Farbotko v. Clinton County of New York*,
433 F.3d 204 (2d Cir. 2005) .......................................................................................... 4, 5, 7, 13

*Farrar v. Hobby*,
506 U.S. 103 (1992) ................................................................................................................ 6

*Febus v. Guardian First Funding Grp., LLC,*
870 F. Supp. 2d 337 (S.D.N.Y. 2012)........................................................................ 15

*Gierlinger v. Gleason,*
160 F. 3d 858 (2d. Cir. 1998)...................................................................................... 6

*Goldberger v. Integrated Res. Inc.,*
209 F.3d 43 (2d Cir. 2000)................................................................................... passim

*Gomez v. Nyhs Design Inc.,*
2022 U.S. Dist. LEXIS 167302 (S.D.N.Y. Sept. 16, 2022)..................................... 8, 13

*In re Initial Pub. Offering Sec. Litig.,*
671 F. Supp. 2d 467 (S.D.N.Y. 2009)......................................................................... 16

*In re Telik Sec. Litig.,*
576 F. Supp. 2d 570 (S.D.N.Y. 2008).......................................................................... 5

*In re Visa Check/Matermoney Antitrust Litig.,*
297 F. Supp. 2d 503 (E.D.N.Y. 2003) ........................................................................ 16

*Kassim v. City of Schnectady,*
415 F.3d 246 (2d Cir. 2005).................................................................................. 3, 16

*Lewis v. Am. Sugar Ref. Inc.,*
2019 U.S. Dist. LEXIS 18058 (S.D.N.Y. Jan. 2, 2019)............................................... 12

*Marin v. J&B 693 Corp.,*
2022 U.S. Dist. LEXIS 11521 (S.D.N.Y. Jan. 21, 2022)............................................. 13

*Merck Eprova AG v. Gnosis S.P.A.,*
2013 U.S. Dist. LEXIS 18321 (S.D.N.Y. Mar. 17, 2011) ................................... 9, 10, 11

*Mills v. Capital One,*
2015 U.S. Dist. LEXIS 133530 (S.D.N.Y. Sep. 30, 2015)........................................... 15

*Mugavero v. Arms Acres, Inc.,*
2010 U.S. Dist. LEXIS 11210 (S.D.N.Y. Feb. 9, 2010)............................................ 6, 12

*New York State Ass'n for Retarded Children, Inc. v. Carey,*
711 F.2d 1136 (2d Cir. 1983).................................................................................... 5

*Perdue v. Kenny A. ex rel Winn,*
559 U.S. 542 (2010)..................................................................................................... 4

*Raishevich v. Foster,*
247 F.3d 337 (2d Cir. 2001)........................................................................................ 3

*Reiter v. Metro. Transp. Auth. Of the State of New York,*
No. 01 Civ. 2762, 2007 U.S. Dist. LEXIS 71008 (S.D.N.Y. Sept. 25, 2007) ............................... 14

*Rozell v. Ross-Holst,*
576 F. Supp. 2d (S.D.N.Y. 2008) ............................................................................... 13

*Simmons v. New York City Transit Authority,*
575 F.3d 170 (2d Cir. 2009)........................................................................................ 6

*Torres v. City of New York,*
No. 07-Civ.-3473 (GEL), 2008 U.S. Dist. LEXIS 11027 (S.D.N.Y. Feb. 14, 2008 ...................... 4

*Townsend v. Benjamin Enters.,*
No. 05 Civ. 9378 (GAY), 2009 U.S. Dist. LEXIS 127501 (S.D.N.Y. Oct. 2, 2009) ......... 9, 10, 11

*United States Football League v. National Football League,*
887 F. 2d 408 (2d Cir. 1989)...................................................................................... 16

*Williams v. Metro-North R.R.,*
2018 U.S. Dist. LEXIS 109422 (S.D.N.Y. June 28, 2018)........................................... 7, 13

**Statutes**
42 U.S.C. §1981................................................................................................... 3, 16

42 U.S.C. §1988 (2022) .................................................................................... 1, 3, 16

N.Y.C. Admin. Code §8-502(f) (2022)....................................................................... 3

## INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 54, 42 U.S.C. §1988, and the United States District Court for the Southern District of New York's November 18, 2022 Final Judgment, Plaintiff hereby submits the within motion for reasonable attorneys' fees, expenses, and costs, as the prevailing party for the above captioned matter. (A true and correct copy of the United States District Court of the Southern District of New York's Judgment dated November 18, 2022 is attached as Exhibit A to the Declaration of Gregory W. Kirschenbaum, Esq.).

This motion seeks attorneys' fees for Gregory W. Kirschenbaum, Esq., who was trial counsel for this matter and drafted the instant motion, Jesse S. Weinstein, Esq., who was trial counsel and conducted expert discovery, Joshua P. Frank, Esq., who was lead counsel from the beginning of the litigation through summary judgment, Dorina Cela, Esq., who assisted with discovery and summary judgment, and Jason Stump, Esq., who drafted motions and conducted legal research. Likewise, this motion seeks fees for Iris Ramirez, Aengus Nelson, and Candy Hernandez who played a significant role in the litigation of the case and preparation for, as well as execution of, trial. Finally, Plaintiff seeks reimbursement of the reasonable out of pocket expenses incurred.

## RELEVANT PROCEDURAL HISTORY

On November 18, 2015, Plaintiff filed the instant litigation in the United States District Court of the Southern District of New York. *See* Dckt. 1. Thereafter, Defendants Jazz at Lincoln Center, Inc., Crown Building Maintenance Co., and Joseph Miele filed their Answers on February 12, 2016. *See* Dckt. 12. On March 4, 2016, Plaintiff amended his Complaint to add violations of Title VII of the Civil Rights Act of 1964. *See* Dckt. 16. On March 18, 2016, Defendants Crown Building Maintenance Co., Joseph Miele, and Jazz at Lincoln Center, Inc. filed Answers to

Plaintiff's First Amended Complaint. *See* Dckt. 20. On March 30, 2016, Defendant Richard Cruz filed an Answer to Plaintiff's First Amended Complaint. *See* Dckt. 30. Then, on April 3, 2017, Defendants Crown Building Maintenance Co. and Joseph Miele filed an Amended Answer to Plaintiff's Amended Complaint to include a Counterclaim against Plaintiff for defamation against Joseph Miele. *See* Dckt. 57. On May 1, 2017, Plaintiff filed an Answer to the counterclaim. *See* Dckt. 64.

On October 31, 2018, Plaintiff filed a Motion for Summary Judgment concerning Defendant Joe Miele's defamation counterclaim. *See* Dckt. 95 – 98. That same day, Defendants Richard Cruz and Jazz at Lincoln Center, Inc. filed a Motion for Summary Judgment. *See* Dckt. 99 – 102. On November 14, 2018, Defendants Crown Building Maintenance Co. and Joseph Miele filed a Motion for Summary Judgment. Dckt. 105 – 109. On May 20, 2020, the Honorable J. Paul Oetken granted in part and denied in part Plaintiff's motion for summary judgment, and denied the Summary Judgment motions by Defendants Crown Building Maintenance Co. and Joseph Miele and Defendants Jazz at Lincoln Center and Richard Cruz. *See* Dckt. 127.

Significant discovery occurred in this matter. In fact, Plaintiff issued three sets of Interrogatories and two sets of Document Demands. Likewise, Plaintiff took the depositions of Defendant Richard Cruz, Defendant Joseph Miele, Angelica Rivera, Dr. Desiree Pearson, Scott Donnigan, Kimo Luciano, Julian Solano, Martin Bracken, and Russell Hale. Additionally, Plaintiff took depositions of both of Defendants' experts, Dr. Karen L. Dahlman and Dr. Paul Nassar.

Trial commenced on October 31, 2022 and the jury returned a $1.8 Million verdict in Plaintiff's favor on November 14, 2022. *See* Dckt. 213 – 215. The jury found that Plaintiff was subjected to race-based discrimination and a hostile work environment under 42 U.S.C. §1981,

Title VII of the Civil Rights Act, and the New York City Human Rights Law. *Id*. The District Court entered judgment on November 18, 2022. *See* Dckt. 215. The instant motion is made within fourteen (14) days of the entry of judgment.

## **ARGUMENTS**

### I.  **PLAINTIFF IS THE PREVAILING PARTY**

As the prevailing party of the instant litigation Plaintiff is entitled to a reasonable attorney's fee as part of the cost. "In any action or proceeding to enforce a provision of section … 1981 of the Revised Statutes [42 USCS §§ 1981-1983, 1985, 1986] … the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. §1988 (2022). Similarly, "[i]n any civil action commenced pursuant to [section 8-502 of the NYCHRL], the court, in its discretion, may award the prevailing party costs and reasonable attorney's fees." N.Y.C. Admin. Code §8-502(f) (2022). "In the Second Circuit, the district court's discretion is narrow and a prevailing party in a [§1981] case **is presumptively entitled to reasonable attorney's fees under 42 U.S.C. §1988."** *Kassim v. City of Schnectady*, 415 F.3d 246, 251 (2d Cir. 2005) (emphasis added) (internal quotations omitted); *see Raishevich v. Foster*, 247 F.3d 337, 344 (2d Cir. 2001) ("Although a district court typically has wide discretion in choosing whether to deny attorneys' fees, … this discretion is narrowed by a presumption that successful civil rights litigants should ordinarily recover attorneys' fees unless special circumstances would render an award unjust."). In the instant matter, Plaintiff brought suit under 42 U.S.C. §1981, Title VII, as well as the New York City Human Rights Law and the jury awarded him $1.8 Million Dollars for the discrimination and hostile work environment to which he was subjected in violation of 42 U.S.C. §1981, Title VII of the Civil Rights Act, and the New York City Human Rights Law Therefore, Plaintiff is entitled to a reasonable fee.

## II. THE LEGAL STANDARD FOR AN AWARD OF ATTORNEYS' FEES

### A. Calculating The Lodestar

Under the lodestar method, a prevailing party seeking an award of attorneys' fees ascertains the number of hours reasonably billed in the matter and then multiplies that figure by an appropriate hourly rate. *See Goldberger v. Integrated Res. Inc.,* 209 F.3d 43, 47 (2d Cir. 2000). In evaluating a party's request for an award of attorneys' fees, courts first determine a reasonable hourly rate, which is then used as the basis to evaluate the "presumptively reasonable fee." See, *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 493 F.3d 110, 117-118 (2d Cir. 2007).[1]

### B. Calculating A Reasonable Hourly Rate

In setting the reasonable hourly rate, "a court must determine what a reasonable paying client would be willing to pay for the legal services, in other words, the appropriate market rate for counsel over the course of the number of hours appropriately worked." *Torres v. City of New York,* No. 07-Civ.-3473 (GEL), 2008 U.S. Dist. LEXIS 11027, *1 (S.D.N.Y. Feb. 14, 2008) (citing *Arbor Hill,* 493 F. 3d at 112). Courts must make a "case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel [, which] may…include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Farbotko v. Clinton County of New York,* 433 F.3d 204, 209 (2d Cir. 2005). *See Blum v. Stenson,* 465 U.S. 886, 896 (1984) (the "prevailing market rate" is the rate 'prevailing in the [relevant] community for similar services by lawyers of comparable skill, experience, and reputation.'").

---

[1] Although this Court cast doubt upon using the lodestar method in *Arbor Hill,* 522 F.3d at 190, subsequently, in *Perdue v. Kenny A. ex rel Winn,* 559 U.S. 542, 551 (2010), the Supreme Court endorsed the lodestar method. See, *Allende v. Unitech Design, Inc.,* 783 F. Supp. 2d 509, 514, n.4 (S.D.N.Y. Mar. 15, 2011).

"Fees that would be charged for similar work by attorneys of like skill in the area" are the "starting point for determination of a reasonable award." *Cohen v. W. Haven Bd. Of Police Comm'rs,* 638 F.2d 496, 506 (2d Cir. 1980).  In addition, as noted above, courts may take judicial notice of rates awarded in prior cases. *Farbotko,* 433 F.3d at 209.  However, this Court has cautioned against "[r]ecycling rates awarded in prior cases without considering whether they continue to prevail [which] may create disparity between compensation available under § 1988(b) and compensation available in the marketplace."  *Id.* "[T]he fee applicant has the burden of showing by 'satisfactory evidence - - in addition to the attorney's own affidavits' - - that the requested hourly rates are the prevailing market rates."  *Id.* (quoting *Blum,* 465 U.S. at 896, n.11.)

**C. Calculating The Number of Hours Reasonably Expended**

In order to calculate the reasonable number of hours expended, the fee application must be supported by contemporaneous time records, affidavits and other materials.  *See Chambless v. Masters, Mates, & Pilots Pension Plan,* 885 F.2d 1053, 1058 (2d Cir. 1989).   The contemporaneous time records must show "for each attorney, the date, the hours expended, and the nature of the work done."  *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983).

**D. Applying A Multiplier**

"Once the lodestar is calculated, the court may, in its discretion, increase the lodestar by applying a multiplier based on other less objective factors, such as the risk of the litigation and the performance of the attorneys." *In re Telik Sec. Litig.,* 576 F. Supp. 2d 570, 585 (S.D.N.Y. 2008) (internal quotations omitted) (quoting *Goldberger,* 209 F.3d at 47).

### E. Determining The Reasonableness Of The Fee

In the last phase of evaluating the reasonableness of the fees sought, courts must consider "case-specific variables that [this Court] and other courts have identified as relevant to the reasonableness of attorney's fees." *Arbor Hill,* 522 F.3d at 190.  In determining reasonableness this Court should consider (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of litigation; (4) quality of representation; (5) the requested fee in relation to settlement and (6) public policy considerations.  *Goldberger,* 209 F.3d at 50.  **"[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained**." *Farrar v. Hobby,* 506 U.S. 103, 114 (1992) (emphasis added); *See also Barfield v. N.Y.C. Health & Hosps. Corp.,* 537 F.3d 132, 152 (2d Cir. 2008).

### III. PLAINTIFF SEEKS AN AWARD OF REASONABLE ATTORNEYS' FEES AND OUT OF POCKET EXPENSES

#### A. Counsel's Reasonable Hourly Rate

Under the "forum rule," courts "generally use the hourly rates employed in the district in which the reviewing courts sits." *Simmons v. New York City Transit Authority,* 575 F.3d 170, 174 (2d Cir. 2009).  To that end, "consistent precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time." *Mugavero v. Arms Acres, Inc.*, 2010 U.S. Dist. LEXIS 11210, *15 (S.D.N.Y. Feb. 9, 2010).  Moreover, the reasonableness of the rate is based on current rates at the time when attorneys file the motion for fees, not by historic rates used at the time services were rendered. *Gierlinger v. Gleason*, 160 F. 3d 858, 882 (2d. Cir. 1998).  Due to the fact that the underlying litigation occurred in the Southern District of New York and because the courthouse where this matter was

heard is located in Manhattan, counsel submits evidence of the prevailing market rates for the Southern District of New York.

In determining the prevailing market rate and, more specifically, the reasonable hourly rate of the fee applicant, courts consider (1) prior awards in other cases and their own awareness of rates in the community, (2) direct evidence of prevailing market rates from practitioners, and (3) direct evidence of the fee applicant's own market rates. *Farbotko,* 433 F.3d at 208-210.

### 1. *Gregory W. Kirschenbaum, Esq.*

Mr. Kirschenbaum graduated from Brooklyn Law School in 2013 and was admitted to practice law in the State of New York in 2014. Kirschenbaum Decl. ¶1. Mr. Kirschenbaum was also admitted to practice law in the State of Florida in 2019 and New Jersey in 2020. *Id.* Since his admission to the Bar, counsel has almost exclusively represented clients in civil rights litigation. Kirschenbaum Decl. ¶9. Mr. Kirschenbaum has prior trial experience, including the 2015 verdict in *Rosas v. Balter Sales, et al.*, 12-cv-06557, in which the jury awarded Plaintiff $2.2 Million in the Southern District of New York for race discrimination, hostile work environment, and retaliation claims. Kirschenbaum Decl. ¶10. Moreover, in 2019, Mr. Kirschenbaum was awarded $350 per hour in the Southern District of New York for a Default Judgment. Kirschenbaum Decl. ¶11. Additionally, Mr. Kirschenbaum has been recognized by SuperLawyers and Lawyers of Distinction for his contributions in employment discrimination. Kirschenbaum Decl. ¶12. We are requesting an hourly rate of $400 per hour for Mr. Kirschenbaum which is supported by the below caselaw:

In *Williams v. Metro-North R.R.*, 2018 U.S. Dist. LEXIS 109422, *23 (S.D.N.Y. June 28, 2018), the court awarded a Senior Associate with eight years of experience **$425 per hour**.

In *Creighton v. Dominican College*, 2011 U.S. Dist. LEXIS 119374 (S.D.N.Y. Aug. 16, 2011), the court awarded a Senior Associate with eight years of experience **$395 per hour**.

In *Echevarria v. Insight Med., P.C.,* 102 F. Supp. 511 (S.D.N.Y. 2015), the court awarded a lead attorney with then five years of experience **$375 per hour**.

In *Gomez v. Nyhs Design Inc.*, 2022 U.S. Dist. LEXIS 167302 (S.D.N.Y. Sept. 16, 2022), the court awarded a Senior Associate at our firm **$350 per hour in a default proceeding**.

In *Crawford v. Nails on 7th by Jenny Inc., et al.*, 18-cv-09849 (S.D.N.Y. Jan. 18, 2019), the Honorable Edgardo Ramos awarded Mr. Kirschenbaum an hourly rate of **$350 in a default proceeding**.

Accordingly, we respectfully request that Mr. Kirschenbaum's prevailing rate be set at $400 per hour.

*2.  Jesse S. Weinstein, Esq.*

Mr. Weinstein served in the United States Navy from 2005 until 2009.  Kirschenbaum Decl. ¶17.  In 2015, Mr. Weinstein graduated from American University Washington College of Law.  *Id.*  The following year, he was admitted to practice in the State of New York and was admitted to practice in the State of New Jersey and the Commonwealth of Pennsylvania in 2021. Kirschenbaum Decl. ¶16.  Initially, after graduating from law school, Mr. Weinstein began working at the Office of the District Attorney, Bronx County, as an Assistant District Attorney. Kirschenbaum Decl. ¶19.  In that capacity, for nearly four years, he regularly handled a caseload of approximately 150 cases at all levels of litigation, conducted dozens of suppression hearings, presented hundreds of felony cases to the grand jury for indictment, and tried thirteen cases to verdict.  *Id.*

In February 2019, Mr. Weinstein joined Phillips & Associates and has acted as lead counsel on all of his cases representing Plaintiffs in a variety of employment matters, including discrimination and harassment claims, wage and hour claims, whistleblower retaliation claims, and contract and severance negotiations under Federal, State, and City Laws. Kirschenbaum Decl. ¶20. Additionally, Mr. Weinstein has been recognized by SuperLawyers and Lawyers of Distinction for his contributions in employment discrimination. Kirschenbaum Decl. ¶21. We are requesting an hourly rate of $375 for Mr. Weinstein which is supported by the below caselaw:

In *Echevarria*, 102 F. Supp. 511, the court awarded a lead attorney with then five years of experience **$375 per hour**.

In *Townsend v. Benjamin Enters.,* No. 05 Civ. 9378 (GAY), 2009 U.S. Dist. LEXIS 127501, *8 (S.D.N.Y. Oct. 2, 2009) the court determined the market rate **in 2009** for civil rights litigators at a small firm to be **$350 per hour**.

In *Abdell v. City of N.Y.*, 2015 U.S. Dist. LEXIS 25510, *14 (March 2, 2015) the court determined the market rate in 2015 for associates was **$350 per hour.**

In *Merck Eprova AG v. Gnosis S.P.A.,* 2013 U.S. Dist. LEXIS 18321, *4-5 (S.D.N.Y. Mar. 17, 2011), the court determined the market rate in 2009 and 2010, for fourth- and fifth-year associates was **$350 per hour**.

Accordingly, we respectfully request that Mr. Weinstein's prevailing rate be set at $375 per hour.

### 3. *Joshua P. Frank*

Mr. Frank attended Boston University and graduated with a Juris Doctorate in 2008. Kirschenbaum Decl. ¶27. After graduation, he served as a research attorney for Professors Ward Farnsworth and Stephen Marks at Boston University Law School. *Id.* Then, in 2010, Mr. Frank

began practicing law as a personal injury attorney. *Id.* In 2014, he joined Phillips & Associates as an Associate. Kirschenbaum Decl. ¶28. While with the firm, Mr. Frank handled all aspects of his cases from the pre-litigation phase through resolution. *Id.* In 2018, Mr. Frank was selected as a "Rising Star" by SuperLawyers for his contributions in employment discrimination. *Id.* Thus, we are requesting an hourly rate of $375 for Mr. Frank which is supported by the below caselaw:

In *Echevarria*, 102 F. Supp. 511, the court awarded a lead attorney with then five years of experience **$375 per hour**.

In *Townsend*, No. 05 Civ. 9378 (GAY), 2009 U.S. Dist. LEXIS 127501, *8 (S.D.N.Y. Oct. 2, 2009) the court determined the market rate **in 2009** for civil rights litigators at a small firm to be **$350 per hour**.

In *Abdell*, 2015 U.S. Dist. LEXIS 25510, *14 (March 2, 2015) the court determined the market rate in 2015 for associates was **$350 per hour.**

In *Merck Eprova AG*, 2013 U.S. Dist. LEXIS 18321, *4-5 (S.D.N.Y. Mar. 17, 2011), the court determined the market rate in 2009 and 2010, for fourth- and fifth-year associates was **$350 per hour**.

Accordingly, we respectfully request that Mr. Frank's prevailing rate be set at $375 per hour.

### 4. Dorina Cela

Ms. Cela attended the Thomas Jefferson School of Law in San Diego and graduated with a Juris Doctorate in 2009. Kirschenbaum Decl. ¶34. While in law school, Ms. Cela was a certified law student at the San Diego Alternate Public Defender's Office where she gained court experience by appearing on behalf of clients in probation hearings, under the supervision of senior attorneys. *Id.* Ms. Cela also was an active member of her school's Alternative Dispute Resolution team. *Id.*

Ms. Cela began practicing law in May 2011 and worked as a contract attorney. Kirschenbaum Decl. ¶35. Thereafter, in 2014, Ms. Cela joined Phillips & Associates as an Associate. *Id*. While with the firm, Ms. Cela has handled all aspects of her cases from the pre-litigation phase through resolution. *Id*. In 2019, Ms. Cela left Phillips & Associates and opened up her own practice, in which she only handled employment discrimination matters. *Id*. Then, in 2020, Ms. Cela returned to Phillips & Associates. *Id*. Moreover, from 2019 to 2021, Ms. Cela was selected as a "Rising Star" by SuperLawyers for her contributions in employment discrimination. Kirschenbaum Decl. ¶36. We are requesting an hourly rate of $350 for Ms. Cela which is supported by the below caselaw:

In *Echevarria*, 102 F. Supp. 511, the court awarded a lead attorney with then five years of experience **$375 per hour**.

In *Townsend,* No. 05 Civ. 9378 (GAY), 2009 U.S. Dist. LEXIS 127501, *8 (S.D.N.Y. Oct. 2, 2009) the court determined the market rate **in 2009** for civil rights litigators at a small firm to be **$350 per hour**.

In *Abdell*, 2015 U.S. Dist. LEXIS 25510, *14 (March 2, 2015) the court determined the market rate in 2015 for associates was **$350 per hour.**

In *Merck Eprova AG,* 2013 U.S. Dist. LEXIS 18321, *4-5 (S.D.N.Y. Mar. 17, 2011), the court determined the market rate in 2009 and 2010, for fourth- and fifth-year associates was **$350 per hour**.

Accordingly, the prevailing market rate for a civil rights attorney with Ms. Cela's experience is **$350 per hour.**

### 5. *Jason Stump*

Mr. Stump attended Rutgers University Law School and obtained a Juris Doctorate degree in May 2021. Kirschenbaum Decl. ¶40. While in law school, Mr. Stump was awarded the Philadelphia Bar Association Eve Biskind Klothen Law Student *Pro Bono* Distinction Award, the Dean's *Pro Bono Publico* Award for Exceptional Service, with Distinction, the Mary Philbrook Student Public Interest Award, the Dean's Award for Service to Rutgers Law School, interned in the Office of Counsel for New Jersey Governor Phil Murphy, the Office of Philadelphia City Commissioner Omar Sabir, the Civil Rights Unit of the City of Philadelphia Law Department, the Public Interest Law Center, and Community Legal Services of Philadelphia. *Id.* Additionally, Mr. Stump was a Legal Writing Fellow, a Fellow in the Eagleton Institute of Politics, the President of the Association of Public Interest Law, and competed in the Hunter Moot Court Competition. *Id.*

In August 2021, he began working as a Law Clerk to Hon. James H. Pickering, Jr. JSC. In that capacity, he drafted orders, managed a bi-weekly docket pursuant to applicable New Jersey Court Rules, conducted legal research and drafted memoranda of decision, assisted the Judge in preparing memoranda of decision for publication, and moderated settlement negotiations in small claims court. Kirschenbaum Decl. ¶41. Then, in September 2022, Mr. Stump joined Phillips & Associates, PLLC as an Associate and provides legal support for lead attorneys. Kirschenbaum Decl. ¶42. We are requesting an hourly rate of $200 for Mr. Stump which is supported by the below caselaw:

In *Lewis v. Am. Sugar Ref. Inc.,* 2019 U.S. Dist. LEXIS 18058, *10 (S.D.N.Y. Jan. 2, 2019) the Court awarded an attorney with comparable experience to Mr. Stump **$200 per hour**.

In *Mugavero*, 2010 U.S. Dist. LEXIS 11210 at *15 the Court awarded an attorney with comparable experience to Mr. Stump **$200 per hour**.

### 6. *Candy Hernandez, Iris Ramirez, and Aengus Nelson*

We also seek a rate of $100 per hour for support staff that played a crucial role in the litigation of this case, as well as the preparation for, and execution of, trial. This request is supported by the below caselaw:

In *Gomez*, 2022 U.S. Dist. LEXIS 167302 at \*25 the court awarded **$100 per hour for paralegal work**.

In *Marin v. J&B 693 Corp.*, 2022 U.S. Dist. LEXIS 11521, \*32 (S.D.N.Y. Jan. 21, 2022) the court awarded **$100 per hour for paralegal work**.

In *Williams*, 2018 U.S. Dist. LEXIS 109422, \*23 (S.D.N.Y. June 28, 2018), the court awarded **paralegals a rate of $150 per hour**.

### 7. *Counsel's own market rates*

Courts also consider the fee applicant's own rates. *Farbotko,* 433 F.3d at 208-210. One manner of establishing the fee applicant's rates is to look at the rates contained in the fee applicant's retainer agreements. *Rozell v. Ross-Holst,* 576 F. Supp. 2d, 544 – 45 (S.D.N.Y. 2008). Although a vast majority of Phillips & Associates' clients are represented solely on a contingency fee basis, the retainer agreement that all clients of Phillips & Associates, PLLC execute contains a rate of $500 per hour for any legal work performed at the client's request that is outside the scope of the subject matter of the retainer agreement. *See* Kirschenbaum Decl. ¶13; Kirschenbaum Decl. Ex. B. This actually supports a finding of **$500 per** hour for counsels' current rate. To that end, the undersigned charges clients $450 per hour to review contracts and/or severance agreements and Mr. Weinstein charges clients $400 for such work.

In sum, based on (1) precedent above, (2) precedent within the Southern District of New York for attorneys with similar reputation, experience and skill, and (3) based on evidence of

counsels' own rates, the fee applicant requests a finding that the reasonable rate for Mr. Kirschenbaum is $400, Mr. Weinstein is $375 per hour, Mr. Frank is $375 per hour, Ms. Cela is $350 per hour, Mr. Stump is $200 per hour, and support staff is $100 per hour.

**B. The Number Of Hours Reasonably Expended On The Litigation**

Counsel expended a total of 959.68 hours of time representing the Plaintiff in the instant litigation.[2] This time was divided up between (1) Mr. Weinstein who expended 320.90 hours for the trial of Plaintiff's case, (2) Gregory Kirschenbaum who expended 238.50 hours for the trial of Plaintiff's case and the drafting of the instant fee motion[3], (3) Joshua Frank who expended 175.8 hours in the prosecution of Plaintiff's case, (4) Dorina Cela who expended 76.15 hours in the prosecution of Plaintiff's case, (5) Jason Stump who expended 33.8 hours in the prosecution of Plaintiff's case, (6) Candy Hernandez who expended 65.73 hours in the prosecution of Plaintiff's case, (7) Iris Ramirez who spent 16.00 hours in the prosecution of Plaintiff's case, and (8) Aengus Nelson who spent 32.80 hours in the prosecution of Plaintiff's case. *See* Kirschenbaum Decl. Ex. C – J.

**C. The Reasonableness of The Fee**

As noted above, in determining reasonableness of the requested fee this Court should consider (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of litigation; (4) the quality of representation; (5) the requested fee in relation to settlement and (6) public policy considerations. *Goldberger,* 209 F.3d at 50.

---

[2] The 959.68 hours does not include work performed by other attorneys that amounted to less than 20 hours of work or support staff who did not play an integral role in the litigation of this case. As a result, the attorneys' fees sought here for 959.68 hours reflects less time than counsel actually spent on the instant litigation.

[3] Awards for time spent on motions for attorneys' fees range "between 8% and 24% of the award for time spent on the case itself." *Reiter v. Metro. Transp. Auth. Of the State of New York,* No. 01 Civ. 2762, 2007 U.S. Dist. LEXIS 71008, at *63 (S.D.N.Y. Sept. 25, 2007). The 32.50 hours spent on this fee motion falls well below the 8% to 24% range.

As to the first factor, counsel expended a reasonable amount of time on the instant litigation, given the length of time the case was pending, the amount of discovery undertaken, the motion practice, number of witnesses, and length of trial. Moreover, counsel is not requesting attorneys' fees for those attorneys who expended less than 20 hours on the case, or support staff who did not perform significant work on the case. As a result, the hours for which fees are sought are reasonable and reflect less time than counsel actually spent performing work on the instant case.

As to the second factor, the instant litigation included complex issues of the law. First, Plaintiff had to successfully prove, which he did, that Jazz at Lincoln Center was his joint-employer. Likewise, because of the join-employer argument, the breadth of the case was double that of a "typical" employment discrimination case. Employees of both Crown Building Maintenance Co. and Jazz at Lincoln Center were witnesses and a combination of both were called for the trial of the case.

As to the third factor, the risk of litigation, this case was litigated on a contingency fee basis. "Uncertainty that an ultimate recovery will be obtained is highly relevant in determining the reasonableness of an award." *Mills v. Capital One*, 2015 U.S. Dist. LEXIS 133530, *39-40 (S.D.N.Y. Sep. 30, 2015) (quoting *Febus v. Guardian First Funding Grp., LLC,* 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012)). Likewise, "[r]isk falls along a spectrum, and should be accounted for accordingly." *Goldberger,* 209 F.3d at 54. Therefore, this factor weighs heavily in Plaintiff's favor as there was a great risk associated with litigating this case.

As to the fourth factor, the quality of representation is reflected in the jury finding for the Plaintiff and awarding both compensatory and punitive damages.

15

As to the fifth factor, Plaintiff was awarded $1.8 million in compensatory and punitive damages. Here, Plaintiff is requesting $326,528.00 in reasonable attorneys' fees, which is 18.1% of the overall award and this is reasonable given all of the *Goldberger* factors.

As to the sixth factor, the public policy consideration here strongly counsels toward a full award of fees for the hours and fees requested to fulfill the purpose of 42 U.S.C. §1988. Again, "[i]n the Second Circuit, the district court's discretion is narrow and a prevailing party in a [§1981] case **is presumptively entitled to reasonable attorney's fees under 42 U.S.C. §1988."** *Kassim*, 415 F.3d at 251 (emphasis added) (internal quotations omitted). Similarly, "[t]he fees awarded must be reasonable, but they must also serve as an inducement for lawyers to make similar efforts in the future." *In re Initial Pub. Offering Sec. Litig.*, 671 F. Supp. 2d 467, 511 (S.D.N.Y. 2009) (quoting *In re Visa Check/Matermoney Antitrust Litig.*, 297 F. Supp. 2d 503, 524 (E.D.N.Y. 2003)). It seems clear from both the statutory language and Second Circuit precedent that public policy strongly favors an award of an attorney's fee in a case such as this.

Finally, **Plaintiff achieved full success on his race discrimination and hostile work environment claim and was awarded a sizeable punitive damages award.**

D. **Reasonable out of pocket expenses**

Plaintiff is entitled to reimbursement of the $17,362.92 in reasonable out of pocket expenses incurred in the prosecution of this matter. "Attorneys fees include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *United States Football League v. National Football League*, 887 F. 2d 408, 416 (2d Cir. 1989). Here, Plaintiff seeks reimbursement for expenses related to court costs, depositions, service of process, as well as subpoenas, and trial transcripts. *See* Kirschenbaum Decl. Ex. K.

Considering these factors together, Plaintiff's request for an award of attorneys' fees in the amount of $326,528, as well as Plaintiff's reasonable out-of-pocket expenses, in the amount of $17,362.92 is reasonable.

<h3 style="text-align:center"><strong><u>CONCLUSION</u></strong></h3>

Based on the foregoing, Plaintiff respectfully requests this Court award $343,890.92 in attorneys' fees and expenses.

Dated: December 2, 2022
      New York, NY

Respectfully submitted,

**Phillips & Associates, PLLC**

By:    */s/ Gregory W. Kirschenbaum*
      Gregory W. Kirschenbaum, Esq.
      45 Broadway, Suite 430
      New York, NY 10006
      (212) 248-7431