UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN PARDOVANI,

               Plaintiff,

-against-

CROWN BUILDING MAINTENANCE CO. D/B/A ABLE BUILDING MAINTENANCE, JAZZ AT LINCOLN CENTER, INC., RICHARD CRUZ, *Individually*, and JOE MIELE, *Individually*,

               Defendants.

15-cv-9065 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

    Plaintiff John Pardovani has moved *pro se* "for reconsideration and to alter or amend judgment" under Fed. R. Civ. P. 59(e) and "to upload evidence." (ECF Nos. 252 & 254.)[1] Pardovani sued his joint employers—defendants Crown Building Maintenance Co. d/b/a Able Building Maintenance ("Able") and Jazz at Lincoln Center, Inc. ("Jazz")—as well as former Crown manager Joe Miele and Jazz operations manager Richard Cruz. During the trial of this action in November, 2022, a jury heard extensive evidence that Pardovani's coworkers repeatedly used the "n-word" in his presence and even referred to him on occasion with that term. The jury found that Pardovani had proven by a preponderance of the evidence that he was subjected to "race-based discrimination or a hostile work environment" in violation of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), and the New York City Human Rights Law, New York City Administrative Code § 8-107 et seq. ("NYCHRL"). The jury also found that Pardovani had not proven that he had been subjected to retaliation in violation of Section 1981, Title VII, or NYCHRL. The jury awarded plaintiff $1,800,000 in damages. Pardovani now asks to keep this $1,800,000 award but seeks a retrial on his retaliation claim and seeks to introduce an entirely new claim—one for wrongful termination. Plaintiff also asks the Court to admit new evidence in support of his retaliation claim. For the reasons set forth below, plaintiff's motion is denied in its entirety.

---

[1] Pardovani was represented by counsel from the commencement of this litigation through trial. After trial, counsel moved to withdraw at plaintiff's request. (ECF No. 235.) The Court granted that motion (ECF No. 243) and plaintiff has now moved *pro se*.

1

I.  Background

On November 14, 2022, after a nine-day trial, a jury found that Pardovani proved that he had been subjected to race-based discrimination or a hostile work environment in violation of Section 1981, Title VII, and NYCHRL; that plaintiff did not prove that he was subjected to retaliation in violation of those statutes; and that defendant Joe Miele proved that plaintiff defamed him when he sent an email to Miele's employer that contained false statements linking Miele to the Latin Kings gang and suggesting that Miele was involved in taping a swastika onto a fellow employee's locker. The jury awarded plaintiff $800,000 in compensatory damages and $1,000,000 in punitive damages, and awarded Miele $1 on his defamation claim.

In plaintiff's motion, styled as a motion "for reconsideration and to alter or amend judgment," he contends that 1) the verdict against him on his retaliation claim was "against the great weight of the evidence"; 2) the Court's decision excluding certain evidence was "a clear error of law or fact"; 3) there were "errors of procedure or evidence"; and 4) he should be allowed to rely on "new" evidence. Plaintiff requests a retrial on his retaliation claim and on a new claim that he was wrongfully terminated in response to his complaint to Able and Jazz supervisors that he was being discriminated against on the basis of his race. Plaintiff has also moved to introduce extensive "new" evidence to support his retaliation claim. (ECF No. 254.)

II.  Motion to Alter or Amend a Judgment or for Reconsideration

Although Plaintiff moved solely under Fed. R. Civ. P. 59(e), which addresses motions to alter or amend a judgment, the Court will consider plaintiff's motion for reconsideration under Fed. R. Civ. P. 59(a) and Local Civil Rule 6.3.[2]

The standards governing motions to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) and motions for reconsideration pursuant to Local Civil Rule 6.3 are the same. *Word v. Croce* (S.D.N.Y. July 5, 2001) 2001 U.S. Dist. LEXIS 9071, 2001 WL 755394, *2. District courts "may alter or amend judgment to 'correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal quotations omitted). A party seeking reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the court that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); Rule 6.3. The major justifications for reconsideration are "an intervening

---

[2] Defendants contend that plaintiff's motion should be denied because plaintiff failed to file his motion within 28 days of entry of the Court's judgment in the matter, as required by Fed. R. Civ. P. 59(e). (ECF No. 261, at 8.) The Court declines to deny plaintiff's motion on that ground, because the Court had earlier extended the time to file post-trial motions. (ECF Nos. 243 & 250.)

change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

The "standard for granting a motion for reconsideration is strict," *Fashion Exch. LLC v. Hybrid Promotions, LLC*, 2017 U.S. Dist. LEXIS 138981, at *10 (S.D.N.Y. 2017), and will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Pardovani has not shown that this Court "overlooked any factual matter or controlling case law that might have materially influenced its earlier decisions." *United States ex rel. Mishra v. Nysarc, Inc.*, 2010 U.S. Dist. LEXIS 160545, at *2 (S.D.N.Y. 2010). The jury found that plaintiff had failed to prove by a preponderance of the evidence that he was subjected to retaliation for complaining of race-based discrimination and harassment. Pardovani has identified no intervening change in controlling law, no availability of new evidence, and no need to correct a clear error or prevent manifest injustice that would justify granting this motion.

### a. Plaintiff's request to have "new" evidence admitted

Pardovani has asked the Court to admit extensive "new" evidence, specifically 18 separate exhibits, including photographs, audio and video files, as well as various emails. None of these exhibits was introduced during the trial, at which Pardovani was represented by competent counsel. In order to warrant relief from a final judgment based on newly discovered evidence under Fed. R. Civ. P. 60(b)(2), a party must show that "(1) [the] newly discovered evidence is of facts existing at the time of [decision]; (2) the moving party is excusably ignorant of the facts despite using due diligence to learn about them; (3) the newly discovered evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly discovered evidence is not merely cumulative . . . of evidence already offered.'" *Mancuso v. Consolidated Edison Co.*, 905 F. Supp. 1251, 1264 (S.D.N.Y. 1995).

Plaintiff has not demonstrated any of the above factors. Most importantly, he does not even suggest that any of these exhibits is "newly discovered." In fact, all of the proposed exhibits appear to have been produced from plaintiff's own files and some of the exhibits are merely the color versions of black-and-white photographs that *were* introduced at trial. Pardovani does not assert that these exhibits were not available to him prior to trial. Indeed, he acknowledges that the decision not to introduce those

exhibits during trial was simply a strategic decision by counsel, writing, "the attorney at the time advised me he could not get the evidence in." (ECF No. 252, at 27.)

The relief afforded by Fed. R. Civ. P. 60(b)(2) does not extend to a party second guessing strategic choices made by his attorneys, as "an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment." *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986). *See also Am. Tissue, Inc. v. Arthur Anderson, L.L.P.*, 2005 U.S. Dist. LEXIS 4931, at *15 (S.D.N.Y. 2005) ("Rule 60 will not afford [a] plaintiff relief from the consequences of its litigation strategy" as a "movant's interest in undoing the results of a litigation strategy which, in hindsight, appears unwise fails to outweigh the judiciary's interest in the finality of judgments.").

      b. <u>Plaintiff's claims that the Court made errors of law or fact</u>

Plaintiff contends that the Court made "errors of law or fact" by accepting this trial on reassignment from another Article III judge of this Court and by denying plaintiff's request to admit photographs of a "swastika incident" from 2008-2009.

This action was reassigned to this Court immediately prior to the commencement of trial testimony because the original judge assigned to the matter had a family emergency and could not continue overseeing the trial after opening statements had been made. This Court accepted the reassignment and properly certified pursuant to Fed. R. Civ. P. 63 that the Court was familiar with the record and that the action could be heard by it without prejudice to the parties. (Tr. 47.) No party objected to the reassignment and the trial proceeded apace. The reassignment of this action to this Court was entirely appropriate.

Pardovani also contends that the Court improperly denied his motion to admit photographs of a swastika taped on an employee's locker from the period of 2008 to 2009 as evidence in support of his retaliation claim. Before trial commenced, defense counsel objected to the admission of two photographs of different swastikas. The Court determined that the first photograph, which related to an incident that allegedly occurred before Jazz hired Able to perform maintenance services for it, could not be admitted. The Court properly precluded evidence of that swastika incident under Fed. R. Civ. P. 403, since Pardovani was unable to proffer evidence of who put the swastika on the locker, whose locker it was, or whether Jazz at Lincoln Center was aware of the incident, and the incident occurred before the period relevant to plaintiff's claims. The Court did allow plaintiff to introduce the other photograph of a swastika, which related to an incident allegedly occurring during the relevant time period.

III.     <u>Motion for a New Trial Under Fed. R. Civ. P. 59(a)</u>

Plaintiff also moves for a new trial on his retaliation claim. Under Fed. R. Civ. P. 59(a), a district court may order a new trial only if it concludes that 'the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice,' i.e., it must view the jury's verdict as 'against the weight of the evidence.'" *Manley v. Ambase Corp.*, 337 F.3d 237, 245 (2d Cir. 2003).

The Court cannot make that finding here. Plaintiff contends that the jury's verdict that he had failed to prove that he was retaliated against was "against the weight of the evidence," and presents selected portions of trial testimony to support that contention. (ECF No. 252, at 3.) The Court not only presided over the trial but has also reviewed the trial record, and there is no evidence to suggest that the jury's determination on plaintiff's retaliation claim was erroneous. The Second Circuit has made clear that a trial judge should not "substitute his or her assessment of the credibility of witnesses for that of the jury simply because the judge disagrees with the jury." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d. Cir. 2012).

In this case plaintiff's retaliation claim hinged on witness credibility—the testimony of Pardovani and defendants Cruz and Miele, among others. "[W]here the resolution of the issues depended on the assessment of the credibility of witnesses, it is proper for the Court to refrain from setting aside the verdict and granting a new trial." *Id.* The Court properly affords a high degree of deference to the jury's evaluation of witness credibility and should disturb a jury determination based on such an assessment only rarely. *Id.* More than sufficient testimonial and documentary evidence was presented to the jury that could support its verdict that Pardovani had not proven by a preponderance of the evidence that he had been retaliated against for complaining that he was being discriminated against on the basis of his race. The jury's determination on that claim was not against the weight of the evidence and cannot be set aside merely because Pardovani disagrees with the result.

Finally, Pardovani's request for a new trial on his newly asserted claim that he was terminated due to his complaints of discrimination must be denied. (ECF No. 252, at 30.) Plaintiff was represented by competent counsel throughout the discovery, pre-trial, and trial periods of this litigation and never alleged in his complaint or at any other time until now that he was terminated in retaliation for complaining that he was discriminated against on the basis of his race. As set forth above, a party's disagreement with his attorneys over trial strategy and his dissatisfaction with the ultimate verdict do not justify a new trial. *See Am. Tissue, Inc.*, at *15.

IV.  Conclusion

For the reasons set forth above, plaintiff's motion "for reconsideration and to alter or amend judgment" and "to upload new evidence" is denied in its entirety.

Dated: New York, New York
May 9, 2023

SO ORDERED:

*Sidney H. Stein*

Sidney H. Stein, U.S.D.J.