UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN PARDOVANI,

                Plaintiff,

      -against-

CROWN BUILDING MAINTENANCE CO.
D/B/A ABLE BUILDING MAINTENANCE,
JAZZ AT LINCOLN CENTER, INC.,
RICHARD CRUZ, *Individually*, and JOE
MIELE, *Individually*,

                Defendants.

15-cv-09065 (SHS)

Opinion & Order

SIDNEY H. STEIN, U.S. District Judge.

Phillips & Associates, PLLC, plaintiff's erstwhile counsel, has filed a motion for attorneys' fees, expenses, and costs under 42 U.S.C. § 1988, following its largely successful prosecution of this employment discrimination action on behalf of plaintiff John Pardovani. Section 1988 provides that "[i]n any action or proceeding to enforce a provision of sections [1981-1983, 1985, or 1986] of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Phillips & Associates requests $326,528.00 in attorneys' fees and $17,362.92 in expenses, for a total of $343,890.92.

Defendants Crown Building Maintenance Co. d/b/a Able Building Maintenance ("Able") and Joe Miele oppose this motion and request that any award of attorneys' fees be reduced, on the ground that Pardovani should not recover attorneys' fees for work performed on unsuccessful claims. Defendants Jazz at Lincoln Center, Inc. ("Jazz") and Richard Cruz joined that motion.[1]

I.    BACKGROUND

Plaintiff John Pardovani brought eight claims for relief against Jazz, Able, Miele, and Cruz. Five claims for relief were for discrimination on the basis of race under 42 U.S.C. § 1981 ("Section 1981"); Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e et seq. ("Title VII"); and the New York City Human Rights Law, New York City Administrative Code § 8-107 et seq. ("NYCHRL"). An additional three claims were for retaliation against Pardovani for his having complained of discrimination in violation of the same statutes. Defendants denied the allegations and Miele asserted a counterclaim against Pardovani, alleging that Pardovani had defamed him when he

---

[1] Defendants do not contest the $17,362.92 request for out-of-pocket expenses.

1

sent an email to Miele's employer suggesting that Miele was familiar with the Latin Kings gang and was involved in taping a swastika onto an employee's locker.

Pardovani hired Phillips & Associates, PLLC, to represent him in this matter on a contingency basis: in the event of no recovery he would owe nothing to his attorneys for the services rendered. (ECF No. 241, Ex. B.) His attorneys handled the action from its inception through trial, including drafting the complaint, engaging in discovery proceedings, participating in settlement discussions, drafting motions *in limine*, and preparing for and trying the case before a jury. *Id.* at Exs. C-J.

In November, 2022, a jury heard extensive evidence that Pardovani's coworkers repeatedly used the "n-word" in his presence and even referred to him numerous times with that term. After a nine-day trial, the jury found that Pardovani had proven that he had been subjected to "race-based discrimination or a hostile work environment" in violation of Section 1981, Title VII, and NYCHRL. The jury also found that Pardovani had not proven that he had been subjected to retaliation in violation of those statutes and that defendant Joe Miele had proved that Pardovani defamed him. The jury awarded plaintiff $800,000 in compensatory damages and $1,000,000 in punitive damages, and awarded Miele $1 on his defamation claim.

Shortly after trial, Phillips & Associates moved to withdraw as plaintiff's counsel at plaintiff's request, citing an "irreconcilable conflict" (ECF No. 237), and the Court granted that motion.

## II. ATTORNEYS' FEES UNDER 42 U.S.C. § 1988

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A court must determine whether the hours claimed by the prevailing party were "reasonably expended" and then adjust the award accordingly. *Id.* District courts are also charged with considering other factors "that may lead the district court to adjust the fee upward or downward, including the important factor of the results obtained." *Id.* at 434.

The U.S. Supreme Court has found that the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees. *See Hensley*, 461 U.S. at 430. In a case where a plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claims should be excluded in considering the amount of a reasonable fee. *Id.* at 434.

The Second Circuit has also found that "where the plaintiff achieved only limited success, the District Court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.* The Court must compare "the quantity and quality of

2

relief obtained" to what the plaintiff sought to achieve as evidenced in his complaint as a key factor in determining the degree of success achieved. *Carroll v. Blinken*, 105 F.3d 79, 81 (2d Cir.1997).

Defendants contend that Pardovani achieved only limited success because he was unsuccessful in proving his retaliation claim and in defending the defamation crossclaim brought by Miele, and that any award of attorneys' fees should be reduced by 25% to 50% to reflect the relief obtained.

      a.  Plaintiff's Unsuccessful Retaliation Claim

Where, as here, a plaintiff succeeds on some claims but not on others, the Court must determine whether the claims brought are "based on different facts and legal theories," or if the claims "involve a common core of facts or [are] based on related legal theories." *Hensley*, 461 U.S. at 434-35. In cases where the work on successful claims is not related to work on unsuccessful claims, the "work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." *Id.* at 435.

Pardovani's successful discrimination claim and unsuccessful retaliation claim involved a common core of facts, which means that much of his attorneys' time was spent generally on "the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* When the successful and unsuccessful claims are intertwined— as is the case here—the district court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*

Pardovani's retaliation claim cannot be said to be "distinct in all respects" from his successful discrimination claim. His retaliation claim stemmed from the same core set of facts as his successful race discrimination claim: Pardovani alleged that he was retaliated against because he complained to supervisors about discrimination on the basis of his race. However, although the claims involve a common core of facts, they are not inextricably intertwined. Plaintiff's counsel spent considerable time at trial questioning witnesses on issues relating specifically to the retaliation claim. For example, Russell Hale was questioned about "write-ups" and warning reports Pardovani received and the circumstances surrounding Pardovani's suspension, and Joe Miele was questioned about issuing Pardovani verbal warnings, disciplinary "write-ups," and memoranda warning him of his excessive sick time use, all in the context of retaliation in response to Pardovani's complaints. (Tr. 746-60, 775-78, 840-43, 925-32, 1019-26.)

Plaintiff's counsel spent significantly less time at trial defending the defamation counterclaim, asking Miele just a brief set of questions on the topic. *Id.* at 933-35. It does not appear that plaintiff's attorneys expended any meaningful amount of time preparing its defense of Miele's defamation counterclaim. But there can be no question that they expended substantial time preparing to try the retaliation claim, that they elicited considerable testimony specifically relating to that claim, and that they were unsuccessful

in proving that claim to the jury. The Court agrees that attorneys' fees should therefore be adjusted to reflect the actual results obtained.

> b. Calculation of Attorneys' Fees

Phillips & Associates requests $400 an hour for associates Gregory Kirschenbaum and Jesse Weinstein, who tried the case on behalf of plaintiff; $300 an hour for associate Joshua Frank, who was described as lead counsel from the beginning of the litigation through the summary judgment stage; $350 an hour for associate Dorina Cela, who assisted with discovery and summary judgment; $200 an hour for associate Jason Stump, who drafted motions and performed legal research; and $100 an hour for paralegals Candy Hernandez, Iris Ramirez, and Aengus Nelson. (ECF No. 241 at 2-8.) "Fees that would be charged for similar work by attorneys of like skill in the area" are the "starting point for determination of a reasonable award." *Cohen v. W. Haven Bd. Of Police Comm'rs*, 638 F.2d 496, 506 (2d Cir. 1980). Defendants contest neither the hourly rates nor the number of hours expended, and the Court notes that these rates, although a bit high, comport with Southern District rates in similar cases for attorneys of comparable skill and experience. *See, e.g., Mugavero v. Arms Acres, Inc.*, 2010 U.S. Dist. LEXIS 11210, *15 (S.D.N.Y. Feb. 9, 2010) ("[c]onsistent precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time"); *Heng Chan*, 2007 U.S. Dist. LEXIS 33883, at *4 (awarding attorney with fifteen years' experience $400 per hour in FLSA case); and *Kuper v. Empire Blue Cross and Blue Shield*, CV-99-1190, 2003 U.S. Dist. LEXIS 2362, at *9-10 (S.D.N.Y. Dec. 18, 2003) (awarding lead attorney $425 an hour in civil rights case).

Although plaintiff's counsel submitted the required contemporaneous timesheets, it is nearly impossible to differentiate the time spent on the successful discrimination claim and unsuccessful retaliation claim from what is recorded on the timesheets. For example, timesheet entries such as "Meeting [] to discuss trial strategy" cannot be broken down into discrete periods of time spent discussing the discrimination portion of the trial and the retaliation portion. Although the retaliation claim accounted for nearly half of Pardovani's complaint, the Court recognizes that those facts were sufficiently intertwined with those of Pardovani's successful claim such that a 50 percent reduction in fees would not appropriately reflect counsel's work on the matter. The Court therefore reduces the fee award by 25 percent to account for the work done on the unsuccessful retaliation claim and the work done preparing to defend Miele's counterclaim. *See, e.g., Castillo v. Time Warner Cable of N.Y. City*, 2013 U.S. Dist. LEXIS 58815, at *15-16 (S.D.N.Y. 2013) (finding that "[a] percentage-based reduction is appropriate . . . when the attorneys' billing entries do not distinguish between the hours spent on compensable and non-compensable work.").

III. CONCLUSION

The Court reduces Phillips & Associates' requested overall fee by 25%, or $81,632.00—from $326,528.00 to $244,896.00 to reflect work performed on claims that were not successful at trial. Phillips & Associates is accordingly awarded $244,896.00 in fees plus $17,362.92 in expenses, for a total award of $262,258.92. The Clerk of Court is directed to mail a copy of this Opinion & Order to plaintiff at 25731 145th Avenue, Rosedale, New York 11422.

Dated: New York, New York
       May 23, 2023

SO ORDERED:

Sidney H. Stein, U.S.D.J.