UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN PARDOVANI,

                Plaintiff,

-against-

CROWN BUILDING MAINTENANCE CO. D/B/A ABLE BUILDING MAINTENANCE, JAZZ AT LINCOLN CENTER, INC., RICHARD CRUZ, *Individually*, and JOE MIELE, *Individually*,

                Defendants.

15-cv-09065 (SHS)

Opinion & Order

---

SIDNEY H. STEIN, U.S. District Judge.

Phillips & Associates, PLLC, plaintiff's erstwhile counsel, seeks a charging lien on 40% of plaintiff John Pardovani's eventual recovery from the largely successful prosecution of this employment discrimination action brought on Pardovani's behalf. (ECF No. 235.) For the reasons that follow, the Court grants Phillips & Associates' motion as to one-third (33 ⅓%) of plaintiff's eventual recovery. This amount equals $681,632.00, which is one-third the sum of (a) Pardovani's $1.8 million jury award and (b) $244,896.00 in previously awarded statutory attorneys' fees.

I.     BACKGROUND

Plaintiff John Pardovani brought eight claims for relief against defendants Jazz at Lincoln Center, Inc., Crown Building Maintenance Co. d/b/a Able Building Maintenance, and two employees of the companies, Joe Miele and Richard Cruz. Five claims for relief were for discrimination on the basis of race under 42 U.S.C. § 1981 ("Section 1981"); Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e et seq. ("Title VII"); and the New York City Human Rights Law, New York City Administrative Code § 8-107 et seq. ("NYCHRL"). Pardovani also brought three claims that defendants had retaliated against him in violation of the same statutes for his having complained about the discrimination. Defendants denied the allegations and Miele asserted a defamation counterclaim against Pardovani.

Pardovani hired Phillips & Associates to represent him in this matter on a contingency basis: in the event of no recovery he would owe nothing to his attorneys for the services rendered. (ECF No. 241-2.) If successful, Phillips & Associates would be entitled to 40% of the gross settlement or award, including any statutory attorneys' fees.

1

*Id*. In relevant part, the retainer agreement between Pardovani and Phillips & Associates provided as follows:

> In Consideration of the services rendered and to be rendered, Client(s) agree to pay and Attorneys are authorized to retain out of any monies or the reasonable value of any non-monetary settlement (including but not limited to job reinstatement) that may come into their possession by reason of the above claim, forty percent (40%) of the gross settlement or award, whether for lost wages, punitive damages, attorneys fees, emotional damages or any other damages. Any attorneys fees awarded or recovered by reason of statute or other law are included in the gross amount of any damages recovered for purposes of the above 60/40 split. Reimbursement for advanced expenses shall be reimbursed from the Client's share (60%). In the event of no recovery, client remains ultimately responsible for any disbursements.

*Id.*

Phillips & Associates handled the action from its inception through trial, including drafting the complaint, engaging in discovery proceedings, participating in settlement discussions, drafting motions *in limine*, and preparing for and trying the case before a jury. (ECF No. 241.) During a nine-day trial in November 2022, the jury heard extensive evidence that Pardovani's coworkers repeatedly used the "n-word" in his presence and even referred to him numerous times with that term. The jury found that Pardovani had been subjected to "race-based discrimination or a hostile work environment" in violation of Section 1981, Title VII, and NYCHRL, but had not been subjected to retaliation in violation of those statutes. The jury awarded plaintiff $800,000 in compensatory damages and $1 million in punitive damages.[1]

Shortly after trial, Phillips & Associates moved to withdraw as plaintiff's counsel at plaintiff's request due to an "irreconcilable conflict" between Pardovani and the firm (ECF No. 237), and the Court granted that motion. (ECF No. 243.) The firm also moved for an award of attorneys' fees, expenses and costs under 42 U.S.C. § 1988 ("Section 1988"), and in an Opinion and Order dated May 23, 2023, the Court awarded Phillips & Associates $244,896.00 in attorneys' fees plus $17.362.92 in expenses. *Pardovani v. Crown Bldg. Maint. Co.*, No. 15-cv-09065, 2023 U.S. Dist. LEXIS 89503, at *10 (S.D.N.Y. May 23, 2023). As noted above, Phillips & Associates has now requested that the Court grant it a charging lien on 40% of plaintiff's eventual recovery pursuant to the retainer agreement between Pardovani and the firm. (ECF Nos. 235 and 275.)

---

[1] The jury also found that Miele had sufficiently proven his counterclaim that plaintiff had defamed him and awarded Miele $1 on the counterclaim.

II. ENTITLEMENT TO A CHARGING LIEN

New York Judiciary Law § 475 governs charging liens in federal courts sitting in New York. *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998). That statute provides as follows:

> From the commencement of an action . . . in any court . . . the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

N.Y. Judiciary Law § 475.

Discharged attorneys are thus entitled to a charging lien "on any monetary recoveries obtained by the former client in the proceedings in which the attorney had rendered legal services." *Melnick v. Press*, No. 06-CV-6686, 2009 U.S. Dist. LEXIS 77609, *6 (E.D.N.Y. Aug. 28, 2009). However, an attorney who is discharged for good cause is not entitled to a charging lien. *Hallmark Capital Corp. v. Red Rose Collection*, No. 96 Civ. 2839, 1997 U.S. Dist. LEXIS 16328, at *8 (S.D.N.Y. Oct. 21, 1997).

Having achieved a successful result for Pardovani, Phillips & Associates is entitled to a charging lien pursuant to N.Y. Judiciary Law § 475. The Court finds that the allegations in Pardovani's opposition to this motion—that he "made this case not the firm," that "the firm is d[y]sfunctional," and that "no attorney actually sat and took their time on this case" (ECF No. 276)—are insufficient to show that Phillips & Associates was discharged for good cause. Indeed, in granting attorneys' fees pursuant to Section 1988, the Court has already determined that the Phillips & Associates attorneys expended significant effort in their representation of Pardovani through discovery proceedings, settlement discussions, motions *in limine*, and trial. *Pardovani*, 2023 U.S. Dist. LEXIS 89503, at *3-4. This Court presided over the conduct of the trial and concludes that plaintiff's attorneys did a credible job of representing his interests.

III. THE AMOUNT OF THE CHARGING LIEN

The Court is also tasked with setting the amount of the charging lien. Where the amount of a charging lien has been fixed by agreement, execution is appropriate on the judgment for the amount agreed to by the parties, *Itar-Tass*, 140 F.3d at 453, subject to the limitation that, because a charging lien is an equitable remedy, the amount of the lien must be "fair." *Sutton v. N.Y. City Transit Auth.*, 462 F.3d 157, 161 (2d Cir. 2006). In

considering the fairness of a charging lien, a court looks to "the terms of the percentage agreement, the nature of the litigation, difficulty of the case, time spent, amount of money involved, results achieved and amounts customarily charged for similar services in the same locality." *Id*. (internal quotation marks omitted). The parties' retainer agreement does not bind the Court, but may guide the Court in determining the reasonable value of the services rendered. *Stair v. Calhoun*, 722 F. Supp. 2d 258, 268-69 (E.D.N.Y. 2010).

Here, the retainer agreement provides that Phillips & Associates is entitled to 40% of Pardovani's recovery, including attorneys' fees. This is significantly higher than the typical fee of one-third in civil rights cases. *See Quinones v. Police Dep't of N.Y.*, No. 10 Civ. 6195, 2012 U.S. Dist. LEXIS 51697, at *24-26 (S.D.N.Y. Apr. 12, 2012), *report and recommendation adopted*, 2012 U.S. Dist. LEXIS 82051, at *1 (S.D.N.Y. June 12, 2012) ("40 percent is a higher contingency fee than is typical in most Section 1983 cases, in which the usual percentage is one-third"); *C.M. v. Syosset Cent. Sch. Dist.*, No. CV 11-1402, 2013 U.S. Dist. LEXIS 157346, at *25 (E.D.N.Y. Oct. 24, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 166529, at *5 (E.D.N.Y. Nov. 22, 2013) (finding that a 40% contingency fee "stretches the upward bounds of standard practice, as contingency fees generally do not exceed one-third"); *Gibbs ex rel. Richer v. City of New York,* No. 09CV4638, 2011 U.S. Dist. LEXIS 101303, at *3 (E.D.N.Y. Aug. 8, 2011), *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 98316 (E.D.N.Y. Aug. 31, 2011) (finding a one-third contingency fee "not unreasonable" in civil rights litigation); *Schlant v. Victor Belata Belting Co.*, No. 94-CV-0915E(Sc), 2001 U.S. Dist. LEXIS 16539, at *16 (W.D.N.Y. Oct. 2, 2001) ("The customary contingency fee retainer agreement provides for attorney fees in the amount of one-third of the total recovery.").

Contingency fees of up to one-third of a plaintiff's recovery are also typical in other contexts. *See Castillo v. Cranes Express Inc.*, No. 18 CV 1271, 2018 U.S. Dist. LEXIS 210614, at *9 (E.D.N.Y. Dec. 12, 2018) (noting in a Fair Labor Standards Act case that "[c]ourts in this Circuit generally approve attorney's fees that are limited to a one-third contingency, and typically modify fees representing more than one-third of the total settlement amount") (internal quotations omitted); *Santos v. Yellowstone Props., Inc.*, No. 15 Civ. 3986, 2016 U.S. Dist. LEXIS 61994, at *4 (S.D.N.Y. May 10, 2016) ("[O]ne-third-of-settlement sum is consistent with contingency fees that are commonly accepted in the Second Circuit in FLSA cases.") (internal quotations omitted); 22 N.Y.C.R.R. § 603.25(e) (New York Court Rules for the First Department providing for a contingency fee in personal injury and wrongful death cases "not exceeding 33 percent of the sum recovered"); *Dullard v. Berkeley Assocs. Co.*, 606 F.2d 890, 896 (2d Cir. 1979) ("[I]n a wrongful death suit contingent fees of as much as one-third of the net recovery . . . are presumptively permissible"); *King v. Fox*, No. 97 Civ. 4134, 2004 U.S. Dist. LEXIS 462 (S.D.N.Y. Jan. 16, 2004), *remanded on other grounds*, 458 F.3d 39 (2d Cir. 2006) ("A one-third contingency fee is standard throughout the state and country").

Further, Pardovani's litigation concerned a relatively uncomplicated employment discrimination allegation. Employees at defendants' companies repeatedly referred to Pardovani using racially discriminatory language and several of those instances were documented. Although Phillips & Associates expended considerable time and effort litigating the case, any risk-reward calculus was in their favor. In *Wheatley v. Ford*, 679 F.2d 1037, 1041 (2d Cir. 1982), for example, a panel of the U.S. Court of Appeals for the Second Circuit reduced an award of attorneys' fees under Section 1988 because "[t]he legal issues involved were not inordinately complex. Neither were the factual issues." *Id*. (internal citation omitted). The same reasoning applies here.

Finally, the Court is mindful of this Circuit's "concern[] about the relationship between the section 1988 award and counsel's contingency fee arrangement with his client," and specifically, the role of courts in ensuring that "[t]he civil rights statutes [are] not [] construed to provide windfall recoveries for successful attorneys." *Id*. Because the Court has already granted plaintiff a substantial attorneys' fee award pursuant to Section 1988,[2] a charging lien on one-third of plaintiff's recovery, rather than the 40% recovery provided for in the retainer agreement, would more appropriately prevent a windfall for Phillips & Associates.

Accordingly, a charging lien on one-third of Pardovani's recovery—including the statutory attorneys' fee—is fair and reasonable compensation for Phillips & Associates.

---

[2] To avoid any ambiguity, the Section 1988 statutory attorneys' fee in this case is awarded to Pardovani (i.e., the "prevailing party"), and not to Phillips & Associates. 42 U.S.C. § 1988(b). *See also Venegas v. Mitchell*, 495 U.S. 82, 86-87 (1990) ("[I]t is the party, rather than the lawyer, who is so eligible" for Section 1988 awards of attorneys' fees, even though it is "likely that in many, if not most, cases a lawyer will undertake a civil rights case on the express or implied promise of the plaintiff to pay the lawyer the statutory award, i.e., a reasonable fee, if the case is won.") This is necessary to avoid double recovery by Phillips & Associates: recovery first from the statutory fee award itself and second from the contingency percentage applied to that very same statutory award, as specified by the retainer agreement.

IV. C̲O̲N̲C̲L̲U̲S̲I̲O̲N̲

For the reasons set forth above, the Court determines that, as an equitable remedy, a charging lien is hereby fixed in favor of Phillips & Associates in the amount of $681,632.00, which is one-third the sum of (a) the jury's award to Pardovani of $1.8 million and (b) the previously awarded statutory attorneys' fees of $244,896.00.


Dated: New York, New York
    September 6, 2023

                                SO ORDERED:

                                _____
                                Sidney H. Stein, U.S.D.J.